ALPHEUS D. GIBBONS *vs.* SOUTHWEST SCHOOL DISTRICT IN EAST GRANVILLE.

The tender of the appraised value of land selected and laid out as a school-house lot, if the owner lives out of the Commonwealth, may be made to the person left by him in possession of the land, and who, for some purposes, is his agent.

WRIT OF ENTRY. Upon agreed facts, which are sufficiently stated in the opinion, judgment was rendered in the superior court for the tenants; and the demandant appealed to this court.

*H. B. Stevens*, for the demandant.

*W. G. Bates & M. B. Whitney*, for the tenants.

MERRICK, J. The land, possession of which the demandant seeks to recover in this action, formerly belonged to him. It was selected and laid out under the provisions of the statute regulating such proceedings, for an enlargement of the tenants' school-house lot. And it is admitted that all the provisions of the statute were duly complied with, so as to entitle the tenants to hold the land for the purpose for which it was taken by them, except that the amount of damages to which he became entitled upon the appraisement made by the selectmen has never, as the demandant contends, been paid or tendered to him.

The language of the statute is, that " upon payment or tender of payment of the amount of such damages to the owner, by the town, the land shall be taken, held and used for the purpose" for which it was selected and laid out. *St.* 1848, *c.* 237, § 1. Gen. Sts. *c.* 38, § 38. The design and purpose of the legislature in making this provision are perfectly plain. It was to secure to the owner a just and adequate compensation for the damages caused to him by the appropriation of a portion of his property to public use. For this purpose no particular formality was necessary, or we think intended to be required. And we think that under the special circumstances of this case there was a substantial compliance by the town with the requirements of the statute. As soon as the demandant became entitled to receive the money, it was provided by the town, and by its authority was carried by one of its officers to the farm of which the land taken by the tenants had been a part, and it was there offered to the sister of the demandant. She was then and for several years previously had been by his permission in possession of the estate, and was the only person who had the care, management and control of it. The demandant was not a resident within the Commonwealth; but he owned the land, and also the stock, tools and implements on the farm, which he left in possession of his sister. She denied, when the money was offered to her by the officer of the town, that she was either the tenant or agent of the demandant, and she utterly refused to accept or take it. But notwithstanding her earnest denial, she was his tenant, certainly, and to some extent and for some purposes his agent also ; for she sold and exchanged not only the produce of the farm, for which he did not hold her to account, but the stock also, which was left upon it; and, as it is agreed, the stock on the farm, through all changes, continued still to belong to him. In such transactions with such results, it follows by necessary implication that she acted as his agent, under an appointment previously made, or by subsequent ratification of acts done. And being his agent certainly for some purposes, and having the sole possession and control of the real estate by his consent, and the demandant being absent from the Commonwealth,

and having within it no other person authorized to act in his behalf, the offer of the money by the town to her upon the land was a substantial compliance with the provisions of the statute in respect to tender of payment. The demandant could not by his absence from the Commonwealth deprive the town of the right to take, in due form of law, such portion of his estate as was necessary for public use; and in such case the person to whom he intrusted the care and management of the whole estate with the right and power of disposal of its products and of the stock and other personal property kept upon it may properly be considered his agent, to whom an offer or tender of payment of compensation for the part taken and appropriated by the government, or the persons acting under the authority of general laws, might well be made. The tender having been made in this manner on the land, it was a sufficient compliance with the requirements of the statute to entitle the tenants to the continued possession of the land demanded, and judgment must therefore be rendered for the tenants.